# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| F.M. ERIKSON REVOCABLE TRUST,<br>  JIMMY GUS ERIKSON, TRUSTEE, and<br>  JIMMY GUS ERIKSON and MICHAEL ED<br>  ERIKSON, Individuals,<br><br>      Plaintiffs,<br><br>v.<br><br>CHESAPEAKE OPERATING, INC., and<br>  CHESAPEAKE EXPLORATION, LLC,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) NO. CIV-13-757-D<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendants' motion [Doc. No. 6] to dismiss this action for lack of subject matter jurisdiction. Plaintiffs, who appear *pro se*, timely responded to the motion. Thus, the motion is at issue.

Plaintiffs brought this action to recover funds allegedly due and owing as a result of certain oil and gas production on property in Woods County, Oklahoma. Plaintiffs contend that they are the owners of the mineral rights on the property and that Defendants owe them funds derived from production and attributable to their ownership interests.

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Plaintiffs' allegations fail to state a basis for federal court jurisdiction over the subject matter. Defendants further argue that, even if jurisdictional allegations had been asserted, subject matter jurisdiction is absent because the parties are not diverse and no federal question is presented. In response, Plaintiffs do not address Defendants' argument that diversity of citizenship is absent because all parties are citizens of Oklahoma. Instead, Plaintiffs contend that a federal statute, 5 U. S. C. § 7117, permits the exercise of federal question jurisdiction.

For the following reasons, the Court concludes that Defendants' motion must be granted, as there is no basis for the exercise of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and may exercise only the power authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). There are two statutory bases for federal subject matter jurisdiction. First, a federal court has jurisdiction over actions between parties of diverse citizenship. 28 U.S.C. § 1332. Alternatively, a federal court has jurisdiction over actions involving a federal question based on a statute or Constitutional provision. 28 U. S. C. § 1331. The plaintiff has the burden of pleading facts to establishing subject matter jurisdiction. *K-Mar Industries, Inc. v. U.S. Dept. of Defense*, 752 F. Supp. 2d 1207, 1210 (W.D. Okla. 2010). Where, as here, the plaintiffs appear *pro se*, the Court must liberally construe their allegations. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005). However, a *pro se* litigant must "follow the same rules of procedure that govern other litigants." *Shrader v. Biddinger*, 633 F. 3d 1235, 1249 n.9 (10th Cir. 2011) (citing *Garrett*, 425 F. 3d at 840).

In this case, even if the Court construes Plaintiffs' allegations liberally, there are no facts sufficient to show that the Court may exercise subject matter jurisdiction on the basis of diversity of citizenship. Jurisdiction may be exercised on diversity grounds where the matter in controversy exceeds the sum of $75,000.00 without interest or costs and is between "citizens of different States." 28 U. S. C. § 1332(a)(1). In this case, Plaintiffs do not allege facts to show the citizenship of Plaintiffs or Defendants. However, as Defendants note in their motion, the signatures appearing on the Petition[1] reflect that each plaintiff is a citizen of Oklahoma. Defendants submit with their

---

[1] Although Rule 7(a) (1) of the Federal Rules of Civil Procedure requires that the initial pleading commencing an action be labeled as a complaint, Plaintiffs entitle their submission as a petition.

motion exhibits showing that Defendant Chesapeake Operating, Inc. is an Oklahoma corporation, and Defendant Chesapeake Exploration, LLC is an Oklahoma limited liability company. Motion, Exs. 1 and 2. As Defendants correctly argue, diversity jurisdiction may be exercised only where "'there is no plaintiff and no defendant who are citizens of the same State.'" *Hames v. Bayer AG,* 2004 WL 536380, at *1 (W.D. Okla. June 8, 2004) (unpublished) (quoting *Wisconsin Dep't. of Corrections v. Schacht,* 524 U.S. 381, 388 (1998)).

In their response to the motion to dismiss, Plaintiffs do not address Defendants' contention that all parties are citizens of Oklahoma, and they fail to contest the supporting evidence. Accordingly, the Court concludes that jurisdiction based on diversity of citizenship may not be exercised in this case.

Plaintiffs argue, however, that the Court has subject matter jurisdiction because their allegations involve a federal question. Federal question jurisdiction exists for claims "arising under the Constitution, laws, or treaties of the United States." 28 U. S. C. § 1331. "'A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quoting *Morris v. City of Hobart*, 39 F.3d 1105,1111 (10th Cir. 1994) (internal quotation omitted)). Accordingly, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. *Id.* "First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint." *Id.* (citing *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir.2001)). "Second, a plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal

law.'" *Nicodemus*, 318 F.3d at 1235 (quoting *Rice*, 260 F.3d at 1245).

In this case, the complaint's sole reference to federal law is the phrase indicating Plaintiffs seek relief under "U.S. law." Petition [Doc. No. 1] at p. 2. The factual allegations contain no reference to any federal statute or Constitutional provision on which Plaintiffs seek to rely, nor is there any allegation that could be construed in that manner. Instead, Plaintiffs contend that Defendants have failed to pay them amounts allegedly due and owing for the production of oil and gas on Plaintiffs' property, and they also challenge the propriety of a pooling order issued by the Oklahoma Corporation Commission. Plaintiffs fail to assert any argument that their cause of action is created by federal law or that the resolution of their claims involves a question of federal law.

In their response, however, Plaintiffs cite 5 U. S. C. § 7117, arguing that this statute supports federal court jurisdiction where there is an allegation that the defendant acted in bad faith. They contend that Defendants acted in bad faith toward them, and argue this statute is thus applicable.

Contrary to their contention, the cited statute provides no basis for the exercise of federal jurisdiction over Plaintiffs' claims in this case. Instead, the statute is one of numerous enactments addressing the rights and duties of federal government organizations and their employees. Section 1117 describes the duties arising under collective bargaining agreements, and describes the parties' duties to bargain in good faith under the provisions of a collective bargaining agreement. It has no application to this case.

Plaintiffs also argue that the Court may exercise subject matter jurisdiction where there is an allegation of bad faith, citing a case pending before the Honorable David L. Russell. *See Erikson v. British Petroleum Company, PLC,* CIV-13-464-R. A review of the file in that case reflects that the plaintiff, an Oklahoma citizen, asserts a breach of contract claim against the defendant, a

corporation organized under the laws of England and Wales and having its headquarters in London, England. *See* Motion to Dismiss [Doc. No. 7], CIV-13-464-R. As a result, complete diversity of citizenship appears to exist between the parties,[2] and nothing in the file suggests that federal question jurisdiction is at issue. The cited case does not support Plaintiffs' argument that their claims assert a federal question over which this Court may properly exercise subject matter jurisdiction.

Having found no basis for the existence of either diversity of citizenship or a federal question, the Court finds that it cannot exercise subject matter jurisdiction in this case. A court "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC. v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). Accordingly, Defendants' motion to dismiss [Doc. No. 6] is GRANTED. This action is dismissed without prejudice[3] to the filing of a new action in a proper forum.

IT IS SO ORDERED this 10th day of October, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Although the defendant argued in the motion that the plaintiff named a nonexistent party as the defendant, it noted that the correct identity of the corporation is BP Exploration & Production, Inc., and the defendant did not challenge the existence of diversity jurisdiction. Pursuant to §1332, diversity jurisdiction may be exercised between a citizen of a state and a citizen of a foreign state. 28 U.S.C. § 1332 (a)(2).

[3] Dismissal for lack of subject matter jurisdiction must be without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).